IN THE UNITED STATES DISRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**METRO TOWERS, LLC,**

    **Plaintiff,**

v.                                                         Civil Action No. 1:20-CV-206
                                                                (JUDGE KLEEH)

**MICHAEL C. DUFF and**
**BARBARA C. LUDLOW,**

    **Defendants.**

**REPORT AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTION TO STRIKE DEFEDANTS' EXPERT [ECF NO. 35] BE DENIED, AND THAT DEFENDANTS BE PERMITTED TO SUPPLEMENT EXPERT REPORT WITH OPPORTUNITY FOR PLAINTIFF TO FURTHER DEPOSE DEFENDANTS' EXPERT**

This matter is before the undersigned Magistrate Judge pursuant to an Order of Referral [ECF No. 37] entered by the Honorable Thomas S. Kleeh, United States District Judge, on December 30, 2021. The Court is in receipt of Plaintiff's motion to strike Defendants' expert, Douglas M. Clark, P.E. [ECF No. 35], filed on December 30, 2021. The Court also is in receipt of Defendants' response, thereto [ECF No. 43], filed on January 20, 2022. Plaintiff filed no reply. The undersigned conducted a hearing on January 31, 2022.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The parties here own adjoining parcels of real estate in Morgantown, Monongalia County, in the Northern District of West Virginia. This matter concerns an earthen slip allegedly originating on Defendants' real estate and migrating to Plaintiff's property. Plaintiff alleges impacts to its real property from mud, water, and debris comprising the slip. Plaintiff has lodged claims for negligence and trespass.

1

Defendants dispute Plaintiff's claims, and retained an expert to review these matters and provide a written report. Defendants' expert is Douglas M. Clark, P.E. ("Clark"). In brief, Clark concluded that the local soils are susceptible to such slippage, and the slip likely was caused by excavating/grading work at the toe of slope. Groundwater and surface water then contributed to the impact, per Clark's report. [See ECF No. 35-1 at 7-8].

By its motion, Plaintiff argues that Clark's report is defective and should be stricken for two principal reasons: (1) the report mischaracterizes a 2019 aerial photo as having been taken in 2018, wrongly concluding that Plaintiff disturbed the slope in 2018 and contributed to problems with the slip, when in fact it shows how Plaintiff mitigated damage in 2019 *after* the slide, and (2) Clark's report fails to note that garbage and debris were in the soils that were part of the slip, when such foreign materials may well have exacerbated the situation. As to the first issue, Plaintiff states that this error demonstrates that faulty review undergirds Clark's report and calls the entire report into question. As to the second issue, Plaintiff argues that this is a significant flaw in Clark's report, and that Clark himself acknowledged in his deposition that the presence of such foreign materials could be relevant.

Defendants respond to the first issue, the mischaracterized aerial photo, by acknowledging that the calendar year notation is an error, but by also arguing that it is an immaterial error. Defendants point out that Clark did not rely on or cite to this aerial photo (labeled as "Figure 5" in his report) in formulating his ultimate conclusions. Moreover, the other Figures to which he does cite in his conclusions are labeled with correct dates. Defendants go on to explain the WV GIS Tech Center ("GIS Tech Center") flies and updates its aerial imagery at different times, even for different parts of a single county. Yet, when the GIS Tech Center does so, the calendar year stamped on the aerial imagery does not necessarily update. In other words, the overall aerial

imagery for a county may display one calendar year, and then different pieces of data are updated as to that single file at different times. Here, the underlying file on the website was labelled with the year 2018, although it was later updated with 2019 imagery. In any case, Defendants request the opportunity to correct this issue and provide a supplemental expert report, which they attached to their response. [See ECF No. 43-3].

Defendants respond to the second issue, the omission of mention of foreign materials in the slip material, by emphasizing that their expert is not required to agree with the opposing party's expert in order for their expert's report to withstand scrutiny. Per Defendants, the issue Plaintiff raises goes not to the admissibility of Clark's report, but rather to the weight a trier of fact would give to the report.

## II. ANALYSIS

As set forth on the record in the hearing before the undersigned on January 31, 2022, the undersigned does not conclude and does not recommend that Clark's report should be stricken. To this end, first, under the Federal Rules of Evidence:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> **(b)** the testimony is based on sufficient facts or data;
>
> **(c)** the testimony is the product of reliable principles and methods; and
>
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. And under seminal caselaw, the inquiry about whether expert conclusions and testimony should be permitted is guided as follows:

> Faced with a proffer of expert scientific testimony, then, the trial judge must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue. This entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue. We are confident that federal judges possess the capacity to undertake this review. Many factors will bear on the inquiry, and we do not presume to set out a definitive checklist or test.

Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592–93 (1993) (footnote omitted). The Supreme Court, while cautioning that it was not establishing an ironclad checklist or test for admissibility of expert opinion, further articulated that:

> The inquiry envisioned by Rule 702 is, we emphasize, a flexible one. Its overarching subject is the scientific validity and thus the evidentiary relevance and reliability—of the principles that underlie a proposed submission. The focus, of course, must be solely on principles and methodology, not on the conclusions that they generate.

Id. at 594–95 (footnote omitted).

In view of this guidance, Clark's report should not be stricken wholesale. First, as to the mislabeling of the calendar year on Figure 5, it appears to have been an honest and inconsequential mistake. From the face of the aerial imagery reviewed, the calendar year displayed would lead a reasonable user and reviewer of the imagery to label it as Clark did. Only after further, detailed investigation was the nuance revealed as to how the agency that generates the imagery confusingly labels that imagery. More to the point, though, Clark's substantive conclusions do not turn on the imagery in Figure 5. This is underscored by the fact that in Clark's supplemental report, correcting the calendar year as to Figure 5, the ultimate conclusions do not change. In both the original report and the supplemental report, those conclusions do not even cite to Figure 5. Moreover, in both the original report and the supplemental report, the figures to which Clark does cite in his conclusions are correctly characterized and labeled. Thus, this mistake appears to be minor and immaterial,

4

and easily corrected. Accordingly, the undersigned does not find that it is reason to strike Clark's report.

As to the second issue, Clark's report not accounting for foreign material and debris in the slip, nothing about the Federal Rules of Evidence or interpretive caselaw requires opposing parties' experts to necessarily agree about what is important in their respective reviews. Just because Plaintiff may place great importance on the presence of foreign material and debris in the slip, that does not require Defendant's expert to conclude similarly. The undersigned agrees with Defendants that this issue speaks to the <u>weight</u> which a trier of fact may accord the report; it does not implicate the report's very <u>admissibility</u>. While Plaintiff may well be correct that the presence of foreign material and debris is critical, a competing expert may well conclude that other factors have much greater bearing on the problems over which Plaintiff has brought suit. To strike Clark's report on this basis would be an overreach, and inconsistent with how the Court is to guide litigation where expert review and testimony is offered. Accordingly, the undersigned does not find that Defendant has given reason to strike Clark's report on this basis.

### III. RECOMMENDATION AND CONCLUSION

Thus, based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's motion to strike [ECF No. 35] be **DENIED**. Further, the undersigned **RECOMMENDS** that Defendants be permitted to supplement Clark's expert report. And finally, the undersigned **RECOMMENDS** that Plaintiff be permitted to re-depose Clark about the supplemental expert report, at Defendants' expense, with Plaintiff to make Clark available for such deposition timely, in view of the Court's pre-trial conference and trial dates and other pertinent deadlines in this matter.

Any party shall have fourteen (14) days (filing of objections) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections**

**identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: February 1, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE