IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**METRO TOWERS, LLC,**

       **Plaintiff,**

**v.**                                        **CIVIL ACTION NO. 1:20cv206**
                                                               **(KLEEH)**

**MICHAEL C. DUFF and
BARBARA C. LUDLOW,**

       **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN
PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

     On May 28, 2021, Defendants Michael C. Duff and Barbara C. Ludlow ("Defendants") filed *Motion for Summary Judgment* [ECF No. 17] seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants renewed the motion on January 21, 2022, after the close of discovery. ECF No. 44. Plaintiff Metro Towers, LLC, ("Plaintiff" or "Metro") responded in opposition to Defendants' Renewed Motion for Summary Judgment on February 4, 2022. ECF No. 52. Defendants replied in support on February 18, 2022, making these motions ripe for decision. ECF No. 64. For the reasons stated herein, the Court **DENIES** Defendants' Motion for Summary Judgment [ECF No. 17], **GRANTS** in part Defendant's Renewed Motion for Summary Judgment as to Plaintiff's request for expenses for remediation of the landslide and slippage [Compl. ¶ 15(c)] and **DENIES** in part Defendant's Renewed Motion for Summary Judgment on

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

Plaintiff's demand for annoyance and aggravation damages [Compl. ¶ 15(e)]. ECF No. 44.

## I. PROCEDURAL HISTORY

Plaintiff filed a civil action against Defendants in the Circuit Court of Monongalia County, West Virginia, on January 17, 2020. ECF No. 1. On or about July 19, 2020, Defendants accepted service of the Complaint filed pursuant to this action. ECF No. 1, ¶ 2. Defendants removed the action on August 18, 2020, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. ECF No. 1. This Court entered a First Order and Notice on August 19, 2020. ECF No. 3. Defendants answered the complaint on August 21, 2020. ECF No. 5. The parties submitted their Report of Rule 26 Planning Meeting, a scheduling order was entered on October 9, 2020, and discovery ensued. ECF Nos. 7, 8.

On June 10, 2021, the parties jointly moved for an amended scheduling order, which the Court granted. ECF Nos. 18, 21. Plaintiff filed a Motion to Strike Defendants' Expert Douglas M. Clark [ECF No. 35] on December 30, 2021, which was referred to Magistrate Judge Aloi. The Magistrate Judge filed a Report and Recommendation recommending that Plaintiff's motion to strike be denied. ECF No. 51. This Court adopted the R&R by Order [ECF No. 89] without objection, denied the motion to strike, and permitted

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

Defendants to supplement the expert report and Plaintiff to re-depose the expert.

Defendants moved for renewed summary judgment [ECF No. 44] and Plaintiff filed its motion for summary judgment [ECF No. 45] on January 21, 2022. Plaintiff filed an emergency motion for preliminary injunction on January 27, 2022, which was fully briefed, heard, and denied by Order on March 1, 2022. ECF Nos. 48, 87. Defendants filed a motion to exclude Plaintiff's experts [ECF No. 94] on March 25, 2022. The Court granted Defendant's motion and excluded Scott Copen as an expert. The instant motion for summary judgment is based largely on the failures of Plaintiff's proposed experts who are now excluded. [ECF No. 114].

**II. FACTS**

At the summary judgment stage, the Court considers the facts in the light most favorable to the non-moving party. See Scott v. Harris, 550 U.S. 372, 378 (2007) (At summary judgment posture, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." (internal quotations and revisions omitted)); see also Rhoades v. County Commission of Marion County, Civil Action No. 1:18-CV-186, 2020 WL 807528, at *1 (N.D.W. Va. Feb. 18, 2020). Plaintiff Metro Towers, LLC, is the owner of real

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

property located at 40 Metro Towers, Morgantown, West Virginia, Parcel 278 of TM 15 in North Morgantown, West Virginia. Defendants Michael Duff and Barbara Ludlow are the owners of real property located at Parcel 93.1, BL 49, Lots 14 and 15 and Parcel 94, BL 49 Lots 16 and 17, in North Morgantown, Monongalia County, West Virginia. ECF No. 1-1, Compl. ¶¶ 2-4.  Plaintiff and Defendants are adjoining landowners. Id. As of May 27, 2019, Defendants are citizens of Hawaii, residing in Maui County, Hawaii [Exhibit B, Aff. M. Duff, B. Ludlow ¶ 2]. Because Plaintiff is a citizen of West Virginia and Defendants are citizens of Hawaii, complete diversity of citizenship exists under 28 U.S.C. § 1332.

In the January 17, 2020, Complaint, Plaintiff alleges on February 9, 2019, it became aware that water, debris, mud, unstable soils, and other material slipped, slid, and moved from Defendants' property onto Plaintiff's property. ECF No. 1-1, Compl. ¶ 7. Plaintiff temporarily stabilized the hillside by regrading a bench that it had constructed in 2015. Id. at ¶ 8; Prelim. Inj. Tr., ECF No. 61, at 22:24-24:6. "The bench . . . is on the property that is owned by the city in-between them or on the Metro property." Prelim. Inj. Tr., ECF No. 61, at 24:5-6. Two years after filing suit and three years after the February 9, 2019, slip, Plaintiff filed an Emergency Motion for Preliminary Injunction, ECF No. 48, claiming that at some time prior to January 25, 2022, the hillside

Case 1:20-cv-00206-TSK-MJA Document 119 Filed 06/06/22 Page 5 of 18 PageID #: 1705

Metro v. Duff et. al                                              1:20cv206

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

and slope failed again and that the City of Morgantown will condemn its property should the hillside slip again. ECF No. 48 at ¶¶ 9 and 11.

Plaintiff alleges two causes of action: (1) Negligence and (2) Trespass. Plaintiff argues that Defendants breached a duty owed, as adjoining landowners to Plaintiff, to protect Plaintiff from the encroachment, slippage, or movement of water, mud, debris, and unstable soils from Defendants' real property. Id. at ¶¶ 9-10. Such negligence was the proximate cause of the damages allegedly incurred by Plaintiff. Id. at ¶ 11. Plaintiff further asserts the encroachment of the materials from Defendants' property constitutes a trespass onto Plaintiff's property. Id. at ¶¶ 12-14. Plaintiff seeks compensatory damages and injunctive relief. Id. at ¶¶ 16-19.

### III. STANDARD OF REVIEW

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party must "make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." Id. at 317-18. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

This Court has previously summarized the burden imposed on parties opposing a summary judgment challenge.

> However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950)).

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

> In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S. at 323-25; Anderson, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249 (citations omitted).

Watson v. Warden, FCI Hazelton, Civil Action No. 2:16-CV-76, 2017 WL 1955532, at *2 (N.D.W. Va. May 11, 2017) (Bailey, J.). The Court views the evidence in the light most favorable to Plaintiff, the non-moving party, and draws any reasonable inferences in Plaintiff's favor. See Fed. R. Civ. P. 56(a); see Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc). "The law is well established that uncorroborated, self-serving testimony of a plaintiff is not sufficient to create a material dispute of fact sufficient to defeat summary judgment." Diquollo v. Prosperity Mortg. Corp., 984 F.Supp.2d 563, 570 (E.D. Va. 2013) (citing Fed. R. Civ. P. 56(e), Evans v. Tech. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996)).

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

### IV. <u>ANALYSIS</u>

Defendants' motions for summary judgment are simple: Defendants argue (1) Plaintiff's negligence claim fails as a matter of law, (2) Plaintiff's trespass claim fails as a matter of law, (3) Plaintiff's demand for remediation expenses is speculative and should be dismissed, and (4) Plaintiff's request for damages for annoyance and inconvenience fails as a matter of law. ECF Nos. 17, 44. Plaintiff responds in opposition to each ground. ECF No. 52.

a. **Plaintiff has shown sufficient evidence establishing the existence of its negligence claim; therefore, Defendants' motion for summary judgment is denied as to Plaintiff's negligence claim.**

In West Virginia, the plaintiff must establish three elements in a negligence suit: (1) a duty that the defendant owes to the plaintiff, (2) a negligent breach of that duty, and (3) injuries received as a proximate result from that breach. <u>Webb v. Brown & Williamson Tobacco Co.</u>, 2 S.E.2d 898, 899 (W. Va. 1939). Liability for a landslide is attributable to a defendant if the landslide was caused by "artificial conditions upon [the] property"; the condition was known, or reasonably should have been known by the defendant; the defendant "failed to correct the conditions within a reasonable time after it should have learned of them"; and the plaintiff "did not expressly or implicitly

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

consent to the continued existence of the conditions." Miller v. Montgomery Investments, Inc., 387 S.E.2d 296, 300 (W. Va. 1989).

> [T]he fact that a defendant did not create an artificial hazardous condition does not insulate him from liability. The real thrust of the authorities is that if there is a hazardous artificial condition, a landowner has an obligation to correct it within a reasonable period of time after learning of its existence or after he should learn of its existence, provided the adjoining landowners do not consent to the existence of the hazardous condition.

Id.

Defendants dispute that Plaintiff met its prima facie burden that the landslide was caused by an artificial condition on the property, or that there exists an artificial condition on the property which Defendants should have known.

1. **A reasonable juror could conclude that the 2019 slope failure was caused by an artificial hazardous condition on Defendants' property.**

Plaintiff argues the slip was caused by an artificial hazardous condition, such as garbage, that was not consented to by the plaintiff. Scott Copen, P.E., was Plaintiff's designated trial expert, until the Court excluded Plaintiff's expert witnesses. ECF No. 114. Copen was to testify to causation and remediation of the slope failure. Defendant's engineering expert, Douglas Clark, P.E., opines the following to a reasonable degree of engineering certainty:

Case 1:20-cv-00206-TSK-MJA   Document 119   Filed 06/06/22   Page 10 of 18   PageID #: 1710

Metro v. Duff et. al                                                  1:20cv206

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

> 1. Based on our desktop data review and our site visit, the slope in question is a mapped old landslide area characterized by hummocky grounds which may be relatively stable if undisturbed.
> 2. Readily available aerial photographs appear to indicate the geometry of the slope was changed due to excavation to create a bench at the edge of the property boundary and regrade the slope as shown in Figures 3 and 4.
> 3. The landslide was likely caused by changes in slope geometry as a result of the grading work performed at the toe of the slope, and the subsequent changes in groundwater and surface water conditions of the landslide susceptible soil. Figures 6 to 8, appear to show the slope geometry was steepened from approximately ranges of 1.5H:1V (Horizontal: Vertical) to 1H:1V due to excavation.
> 4. Periods of intense rainfall and greater than average precipitation can change groundwater conditions, saturate soils, and increase runoff. The above-average 2018 and 2019 rainfall likely also impacted the landslide area in this manner.

ECF No. 43-2, Clark Expert Report, 2-3.

However, Defendant Duff testified to his observations of his property, specifically the natural material present on the property – dirt, rocks, branches – and unnatural material, such as bricks, a pole, tire, garbage, and non-natural wooded material. ECF No. 44-1, Duff Dep. 16:2-27:18. Duff also testified to standing water on the hillside. Id. 20:20-25. David Biafora, representative of Plaintiff, testified that debris such as compost, trash bags, and milk bottles fell off the top of the hillside and onto the Metro property. ECF No. 44-2, Biafora Dep. 15:8-11. Biafora opines "[the hill] didn't slip out from the bottom . . . . Just trash,

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

and people, whoever they were, could have been Duff. When they built the new house, they could have dumped stuff up there. But it had been there a long time." Id. 16:11-16. Prior to the slip, Biafora saw heavy woods, some dead trees, but no garbage on the property. Id. 43:9-20. Biafora observed no bulge in the hillside, nor did he observe anyone throw garbage on the hillside. Id. 44:4-22.

Finding there remains a genuine dispute of material fact as to whether the alleged slope failure was caused by an artificial hazardous condition, such as the unnatural material observed by Defendant Duff and representative Biafora, the Court denies Defendant's motions for summary judgment [ECF Nos. 17, 44]. The cause of the slope failure due to (1) garbage embedded in the soil or (2) grading work performed on the slope and periods of intense rainfall is an incongruent set of facts, one that is a triable question of fact for the jury to determine. The Court notes that conflicting testimony is not an automatic path to a jury for a plaintiff.

> "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48. A material fact is one that might affect the outcome of a party's case. Id. at 248; Hogan v. Beaumont, 779 Fed. App'x 164, 166 (4th Cir. 2019). A

Case 1:20-cv-00206-TSK-MJA   Document 119   Filed 06/06/22   Page 12 of 18   PageID #: 1712

Metro v. Duff et. al                                              1:20cv206

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

> genuine issue concerning a material fact only arises when the evidence, viewed in the light most favorable to the nonmoving party, is sufficient to allow a reasonable trier of fact to return a verdict in the party's favor. Anderson, 477 U.S. at 248.

Webster v. Chesterfield Cty. Sch. Bd., 534 F. Supp. 3d 537, 541–42 (E.D. Va. 2021). Defendant's motion on this issue is **DENIED**.

2. **A reasonable juror could conclude that Defendants knew or should have known of an artificial hazardous condition on their property.**

A reasonable juror could conclude, when shown the photographs appended to Plaintiff's Memorandum in Support of Summary Judgment [ECF No. 46] and presented Plaintiff's fact witness testimony, that the plastic and garbage shown on Defendants' property was embedded into the hillside. Indeed, Defendant Duff testified he saw, with his naked eye, trash embedded in the soil on his property. ECF No. 46-3, Duff Dep. 27:6-27:10. Defendant Duff, when shown pictures of his property, stated that "[i]t look[ed] like something was done to the property." Id. at 27:17-20. However, Defendant Duff also testified that he did not, nor did he allow, anyone to dump on his property, and that he had "no idea [and] [d]idn't even know that [material] existed" on his property. ECF No. 44-1, Duff Dep. 32:21-33:10.

It is not clear whether Defendants knew or should have known of the hazardous conditions on their property. By accounts of both

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

Defendants and Plaintiff, the material on the slope appears embedded below the surface of the property, now easily visible after the 2019 slip, which raises questions as to whether Defendants knew or reasonably should have known of the defect prior to the 2019 slip. In contrast, and after review of testimony and photographs of the property, a large amount of plastic and other garbage on Defendants' property is recognizable to the naked eye. Such evidence brings into question whether Defendants knew or should have known of the artificial materials and failed to correct it within a reasonable amount of time.

Because a reasonable juror could conclude that (1) the slope failure was caused by an artificial hazardous condition on Defendants' property, and (2) Defendants knew or should have known of an artificial hazardous condition, Defendants fail to show that they are entitled to summary judgment as a matter of law on Plaintiff's negligence claim. Plaintiff has provided evidence of a breach of duty by Defendants; therefore, Plaintiff's negligence claim survives summary judgment.

   b. **Plaintiff has made a <u>prima</u> <u>facie</u> case for trespass; therefore, Defendants' motion for summary judgment is denied as to Plaintiff's trespass claim.**

"Under West Virginia law, to constitute a trespass, the defendant's conduct must result in an actual, nonconsensual

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

invasion of the plaintiff's property, which interferes with the plaintiff's possession and use of that property." Rhodes v. E.I. du Pont de Nemours & Co., 636 F.3d 88, 96 (4th Cir. 2011); see also Hark v. Mountain Fork Lumber Co., 34 S.E.2d 348, 352 (W. Va. 1945) (defining trespass "as an entry on another man's ground without lawful authority, and doing some damage, however inconsiderable, to his real property."). A plaintiff is precluded from recovering under a trespass cause of action if she consents to an alleged trespass. Perrine v. E.I. du Pont de Nemours & Co., 694 S.E.2d 815, 846 (W. Va. 2010).

Here, it is undisputed that Defendants' property slipped onto Plaintiff's property. For the same reasons discussed in Section IV.a., Plaintiff has submitted evidence on the essential elements for its trespass claim and an alleged unauthorized intentional intrusion onto its land resulting in damages. For the same reasons that Plaintiff's negligence claim survives summary judgment, Plaintiff's trespass claim too survives. Defendants' motions [ECF Nos. 17, 44] are **DENIED** as to this ground.

   c. **Plaintiff's demand for remediation expenses is unsupported by evidence; therefore, Plaintiff's claims for remediation damages fails.**

Plaintiff seeks compensatory damages and injunctive relief in its Complaint. Compl. at ¶¶ 16-19. "The general rule with regard

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

to proof of damages is that such proof cannot be sustained by mere speculation or conjecture." Syl. Pt. 1, <u>Spencer v. Steinbrecher</u>, 152 W. Va. 490 (1968). "Actual damages . . . must be proved." <u>Rodgers v. Bailey</u>, 69 S.E. 698, 699 (W. Va. 1910). In civil actions seeking damages, "the evidence must afford data, facts and circumstances, reasonably certain, from which the jury may find compensation for the loss suffered by reason of the injury proved." <u>Id.</u> (internal quotations omitted).

Defendants argue Plaintiff has failed to offer evidence that the property will fail after the 2019 slip. However, since the filing of the renewed motion for summary judgment, the hillside and slope allegedly failed again and the City of Morgantown allegedly threatened to condemn its property should the hillside slip again. ECF No. 48 at ¶¶ 9 and 11. A geotechnical analysis is required to determine the cause of the slip and the repairs for remediation of the hillside. Prelim. Inj. Tr., ECF No. 61, at 12:16-13:4; <u>see</u> <u>generally</u> ECF No. 114. Because the Court has excluded Plaintiff's experts, who prepared reports on remediation [ECF Nos. 98-5, 48-1, 59-1], Plaintiff cannot present evidence to support its claim for remediation damages. Plaintiff has not provided any reliable expert evidence on causation to link its claim for remediation to its theory of liability, therefore, Plaintiff's claim for remediation must be dismissed. Plaintiff has

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

not performed the requisite analysis to determine an amount of remedial damages that goes beyond "mere speculation or conjecture." Syl. Pt. 1, Spencer, 152 W. Va. 490 (1968). There is nothing in the record that would present a genuine issue of material fact to the jury on the question of remedial damages; therefore, Defendants' Renewed Motion for Summary Judgment [ECF No. 44] is **GRANTED** on this ground.

### d. Plaintiff's request for damages for annoyance and aggravation is contemplated by West Virginia law; therefore, Plaintiff's Complaint survives on this ground.

Plaintiff requests relief for annoyance and aggravation as a result of the slope failure. Compl. ¶ 15(e). Defendants contend, pursuant to Pak-Mor Mfg. Co. v. Brown, 364 S.W.2d 89, 96 (Tex. App. 1962), that corporations are not permitted to recover damages for annoyance and inconvenience. While the Supreme Court of Appeals of West Virginia has discussed the issue, it has declined to resolve it. Hardman Trucking, Inc. v. Poling Trucking Co., Inc., 346 S.E.2d 551, 556 (W. Va. 1986) (per curiam) ("The arguments of both appellant and appellee are directed at the legal question of whether a corporation can recover [inconvenience and annoyance] damages. We need not reach this issue . . . ."). However, the Supreme Court has "indicate[d] an award of damages to a corporate entity for aggravation, annoyance, and inconvenience

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

is contemplated by West Virginia law." North Am. Precast, Inc. v. Gen. Cas. Co. of Wisconsin, No. 3:04-1307, 2009 WL 3017815, *13 (S.D.W. Va. Sep. 15, 2009) (citing Hayseeds, Inc. v. State Farm Fire & Casualty, 352 S.E.2d 73 (1986) ("a large corporation . . . may suffer substantial net economic loss but little aggravation and inconvenience."). "[C]orporations are treated as artificial persons," and because it is certain that persons are entitled to recover damages for annoyance and inconvenience, logic follows that a Plaintiff corporation may seek these damages under West Virginia law. Stafford EMS, Inc. v. J.B. Hunt Transport, Inc., No. 2:02-0886, 2009 WL 483967, *5 (S.D.W. Va. Feb. 26, 2009) (internal citation omitted).

Plaintiff's demand for annoyance and aggravation is contemplated under West Virginia law. Therefore, Plaintiff's requested damages [Compl. ¶¶ 15(e)] survive Defendants' Renewed Motion for Summary Judgment. ECF No. 44. Defendants' Renewed Motion for Summary Judgment is **DENIED** on this ground. ECF No. 44.

V.  **CONCLUSION**

Accordingly, the Court **DENIES** Defendants' Motion for Summary Judgment [ECF No. 17], **GRANTS** in part Defendant's Renewed Motion for Summary Judgment [ECF No. 44] as to Plaintiff's request for expenses for remediation of the landslide and slippage [Compl. ¶ 15(c)] and **DENIES** in part Defendant's Renewed Motion for Summary

Metro v. Duff et. al                                          1:20cv206

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 17, 44]**

Judgment on Plaintiff's demand for annoyance and aggravation damages [Compl. ¶ 15(e)].

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record.

**DATED:** June 6, 2022

*/s/ Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA