IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

METRO TOWERS, LLC,

        Plaintiff,

v.                         CIVIL ACTION NO. 1:20cv206
                                      (KLEEH)

MICHAEL C. DUFF and
BARBARA C. LUDLOW,

        Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]

On January 21, 2022, Plaintiff Metro Towers, LLC ("Plaintiff") filed *Motion for Summary Judgment* [ECF No. 45] seeking summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants Michael C. Duff and Barbara C. Ludlow ("Defendants") responded in opposition to Plaintiff's Motion on February 11, 2022. ECF No. 63. Plaintiff replied in support on February 25, 2022, making these motions ripe for decision. ECF No. 84. For the reasons stated herein, the Court **DENIES** Plaintiff's Motion for Summary Judgment. ECF No. 45.

### I.   PROCEDURAL HISTORY

Plaintiff filed a civil action against Defendants in the Circuit Court of Monongalia County, West Virginia, on January 17, 2020. ECF No. 1. On or about July 19, 2020, Defendants accepted service of the Complaint filed pursuant to this action. ECF No. 1,

Metro v. Duff et. al                                        1:20cv206

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]**

¶ 2. Defendants removed the action on August 18, 2020, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. ECF No. 1.  This Court entered a First Order and Notice on August 19, 2020. ECF No. 3. Defendants answered the complaint on August 21, 2020. ECF No. 5. The parties submitted their Report of Rule 26 Planning Meeting, a scheduling order was entered on October 9, 2020, and discovery ensued. ECF Nos. 7, 8.

On June 10, 2021, the parties jointly moved for an amended scheduling order, which the Court granted. ECF Nos. 18, 21. Plaintiff filed a Motion to Strike Defendants' Expert Douglas M. Clark [ECF No. 35] on December 30, 2021, which was referred to Magistrate Judge Aloi. The Magistrate Judge filed a Report and Recommendation recommending that Plaintiff's motion to strike be denied. ECF No. 51. This Court adopted the R&R by Order [ECF No. 89] without objection, denied the motion to strike, and permitted Defendants to supplement the expert report and allow Plaintiff to re-depose the expert.

Defendants moved for renewed summary judgment [ECF No. 44] and Plaintiff filed the instant motion for summary judgment [ECF No. 45] on January 21, 2022. Plaintiff filed an emergency motion for preliminary injunction on January 27, 2022, which was fully briefed, heard, and denied by Order on March 1, 2022. ECF Nos. 48, 87. Defendants filed a motion to exclude Plaintiff's experts [ECF

Metro v. Duff et. al                                              1:20cv206

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]**

No. 94] on March 25, 2022. The Court granted Defendant's motion
and excluded Scott Copen and Nicolas Webb as experts. ECF No. 114.
The instant motion for summary judgment relies largely on
Plaintiff's proposed experts who are now excluded. ECF No. 114.

**II.   FACTS**

At the summary judgment stage, the Court considers the facts
in the light most favorable to the non-moving party. See Scott v.
Harris, 550 U.S. 372, 378 (2007) (At summary judgment posture,
"courts are required to view the facts and draw reasonable
inferences in the light most favorable to the party opposing the
summary judgment motion." (internal quotations and revisions
omitted)); see also Rhoades v. County Commission of Marion County,
Civil Action No. 1:18-CV-186, 2020 WL 807528, at *1 (N.D.W. Va.
Feb. 18, 2020). Plaintiff Metro Towers, LLC, is the owner of real
property located at 40 Metro Towers, Morgantown, West Virginia,
Parcel 278 of TM 15 in North Morgantown, West Virginia. Defendants
Michael Duff and Barbara Ludlow are the owners of real property
located at Parcel 93.1, BL 49, Lots 14 and 15 and Parcel 94, BL 49
Lots 16 and 17, in North Morgantown, Monongalia County, West
Virginia. ECF No. 1-1, Compl. ¶¶ 2-4. Plaintiff and Defendants
are adjoining landowners. Id. As of May 27, 2019, Defendants are
citizens of Hawaii, residing in Maui County, Hawaii [Exhibit B,

Metro v. Duff et. al                                    1:20cv206

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]**

Aff. M. Duff, B. Ludlow ¶ 2]. Because Plaintiff is a citizen of West Virginia and Defendants are citizens of Hawaii, complete diversity of citizenship exists under 28 U.S.C. § 1332.

In the January 17, 2020, Complaint, Plaintiff alleges on February 9, 2019, it became aware that water, debris, mud, unstable soils, and other material slipped, slid, and moved from Defendants' property onto Plaintiff's property. ECF No. 1-1, Compl. ¶ 7. Plaintiff temporarily stabilized the hillside by regrading a bench that it had constructed in 2015. Id. at ¶ 8; Prelim. Inj. Tr., ECF No. 61, at 22:24-24:6. "The bench . . . is on the property that is owned by the city in-between them or on the Metro property." Prelim. Inj. Tr., ECF No. 61, at 24:5-6. Two years after filing suit and three years after the February 9, 2019, slip, Plaintiff filed an Emergency Motion for Preliminary Injunction, ECF No. 48, claiming that at some time prior to January 25, 2022, the hillside and slope failed again and that the City of Morgantown will condemn its property should the hillside slip again. ECF No. 48 at ¶¶ 9 and 11.

Plaintiff alleges two causes of action: (1) Negligence and (2) Trespass. Plaintiff argues that Defendants breached a duty owed, as adjoining landowners to Plaintiff, to protect Plaintiff from the encroachment, slippage, or movement of water, mud, debris, and unstable soils from Defendants' real property. Id. at ¶¶ 9-

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]**

10. Such negligence was the proximate cause of the damages allegedly incurred by Plaintiff. Id. at ¶ 11. Plaintiff further asserts the encroachment of the materials from Defendants' property constitutes a trespass onto Plaintiff's property. Id. at ¶¶ 12-14. Plaintiff seeks compensatory damages and injunctive relief. Id. at ¶¶ 16-19.

**III. STANDARD OF REVIEW**

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party must "make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." Id. at 317-18. Summary judgment is proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no 'genuine issue for

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]**

trial.'" <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

This Court has previously summarized the burden imposed on parties opposing a summary judgment challenge.

> However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." <u>Id</u>. at 256. "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial-whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Id</u>. at 250; <u>see also Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing <u>Stevens v.</u> <u>Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950)).
>
> In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. <u>See Matsushita Elec. Indus. Co. v.</u> <u>Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." <u>Id</u>. at 586. That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating

Metro v. Duff et. al                                          1:20cv206

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]

> there is indeed a genuine issue for trial.
> Fed. R. Civ. P. 56(c); Celotex Corp., 477 U.S.
> at 323–25; Anderson, 477 U.S. at 248. "If the
> evidence is merely colorable, or is not
> significantly probative, summary judgment may
> be granted." Anderson, 477 U.S. at 249
> (citations omitted).

Watson v. Warden, FCI Hazelton, Civil Action No. 2:16-CV-76, 2017 WL 1955532, at *2 (N.D.W. Va. May 11, 2017) (Bailey, J.). The Court views the evidence in the light most favorable to Defendants, the non-moving party, and draws any reasonable inferences in Defendants' favor. See Fed. R. Civ. P. 56(a); see Henry v. Purnell, 652 F.3d 524, 531 (4th Cir. 2011) (en banc).

### IV.   ANALYSIS

Plaintiff's motion for summary judgment is simple: Plaintiff argues (1) Defendants were negligent, (2) Defendants trespassed on Plaintiff's property, and (3) Defendants' expert is unreliable and unqualified. ECF No. 45. Defendants responded in opposition to each ground.  ECF No. 63.

**a. Plaintiff has shown sufficient evidence establishing the existence of its negligence claim, but a genuine issue of material fact exists, requiring resolution by the jury. Therefore, Plaintiff's motion for summary judgment is denied as to the negligence claim.**

In West Virginia, the plaintiff must establish three elements in a negligence suit: (1) a duty that the defendant owes to the plaintiff, (2) a negligent breach of that duty, and

Metro v. Duff et. al                                    1:20cv206

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]**

(3) injuries received as a proximate result from that breach. Webb v. Brown & Williamson Tobacco Co., 2 S.E.2d 898, 899 (W. Va. 1939). Liability for a landslide is attributable to a defendant if the landslide was caused by "artificial conditions upon [the] property"; the condition was known, or reasonably should have been known by the defendant; the defendant "failed to correct the conditions within a reasonable time after it should have learned of them"; and the plaintiff "did not expressly or implicitly consent to the continued existence of the conditions." Miller v. Montgomery Investments, Inc., 387 S.E.2d 296, 300 (W. Va. 1989).

> [T]he fact that a defendant did not create an artificial hazardous condition does not insulate him from liability. The real thrust of the authorities is that if there is a hazardous artificial condition, a landowner has an obligation to correct it within a reasonable period of time after learning of its existence or after he should learn of its existence, provided the adjoining landowners do not consent to the existence of the hazardous condition.

Id.

Plaintiff maintains Defendants violated a duty owed to Plaintiff as an adjoining landowner. Defendants dispute that Plaintiff has met its prima facie burden that the landslide was caused by an artificial condition on the property, or that there exists an artificial condition on the property which Defendants should have known.

Metro v. Duff et. al                                    1:20cv206

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]**

1. **A reasonable juror could conclude that the 2019 slope failure was caused by grading work performed by Plaintiff, greater than average precipitation, or an artificial hazardous condition on Defendants' property.**

Plaintiff argues the slip was caused by an artificial hazardous condition, such as garbage, that was not consented to by the plaintiff. Defendant's engineering expert, Douglas Clark, P.E., opines the following to a reasonable degree of engineering certainty:

> 1.   Based on our desktop data review and our site visit, the slope in question is a mapped old landslide area characterized by hummocky grounds which may be relatively stable if undisturbed.
> 2.   Readily available aerial photographs appear to indicate the geometry of the slope was changed due to excavation to create a bench at the edge of the property boundary and regrade the slope as shown in Figures 3 and 4.
> 3.   The landslide was likely caused by changes in slope geometry as a result of the grading work performed at the toe of the slope, and the subsequent changes in groundwater and surface water conditions of the landslide susceptible soil. Figures 6 to 8, appear to show the slope geometry was steepened from approximately ranges of 1.5H:1V (Horizontal: Vertical) to 1H:1V due to excavation.
> 4.   Periods of intense rainfall and greater than average precipitation can change groundwater conditions, saturate soils, and increase runoff. The above-average 2018 and 2019 rainfall likely also impacted the landslide area in this manner.

ECF No. 43-2, Clark Expert Report, 2-3.

Scott Copen, P.E., was Plaintiff's designated trial expert, until the Court excluded Plaintiff's expert witnesses. ECF No.

Metro v. Duff et. al                                         1:20cv206

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]

114. Copen was to testify to causation and remediation of the slope failure. However, Defendant Duff testified to his observations of his property, specifically the natural material present on the property – dirt, rocks, branches – and unnatural material, such as bricks, a pole, tire, garbage, and non-natural wooded material. ECF No. 44-1, Duff Dep. 16:2-27:18. Duff also testified to standing water on the hillside. Id. 20:20-25. David Biafora, representative of Plaintiff, testified that debris such as compost, trash bags, and milk bottles fell off the top of the hillside and onto the Metro property. ECF No. 44-2, Biafora Dep. 15:8-11. Biafora opines "[the hill] didn't slip out from the bottom . . . . Just trash, and people, whoever they were, could have been Duff. When they built the new house, they could have dumped stuff up there. But it had been there a long time." Id. 16:11-16. Prior to the slip, Biafora saw heavy woods, some dead trees, but no garbage on the property. Id. 43:9-20. Biafora observed no bulge in the hillside, nor did he observe anyone throw garbage on the hillside. Id. 44:4-22.

Finding there remains a genuine dispute of material fact as to whether the alleged slope failure was caused by an artificial hazardous condition, intense rainfall, or Plaintiff's grading work, the Court denies Plaintiff's motion for summary judgment [ECF No. 45]. The cause of the slope failure due to (1) garbage

Metro v. Duff et. al                                      1:20cv206

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]

embedded in the soil, (2) grading work performed on the slope, and
(3) and periods of intense rainfall is an incongruent set of facts,
one that is a triable question of fact for the jury to determine.

**2. A reasonable juror could conclude that Defendants did not know or could not have known of an artificial hazardous condition on their property.**

A reasonable juror could conclude, when shown the photographs
appended to Plaintiff's Memorandum in Support of Summary Judgment
[ECF No. 46] and presented Plaintiff's fact witness testimony,
that the plastic and garbage shown on Defendants' property was
embedded into the hillside. Defendant Duff testified that he did
not, nor did he allow, anyone to dump on his property, and that he
had "no idea [and] [d]idn't even know that [material] existed" on
his property.  ECF No. 44-1, Duff Dep. 32:21-33:10. However,
Defendant Duff also testified he saw, with his naked eye, trash
embedded in the soil on his property after the 2019 slip. ECF No.
46-3, Duff Dep. 27:6-27:10. Defendant Duff, when shown pictures of
his property, stated that "[i]t look[ed] like something was done
to the property." Id. at 27:17-20.

Mr. Copen also testified he observed material, including
garbage and plastic, visible from the surface of Defendants'
property after the alleged 2019 slip. ECF No. 44-3, Scott Copen
Dep., 45:6-46:20. All material subject to the 2019 slip was on the

Metro v. Duff et. al                                    1:20cv206

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]

Defendants' property. Id. A reasonable juror could conclude, when shown the photographs appended to Plaintiff's Memorandum in Support of Summary Judgment [ECF No. 46], that the plastic and garbage shown on Defendants' property was entrenched into the hillside. But it is not clear whether Defendants knew or should have known of the hazardous conditions on their property. By accounts of both Defendants and Plaintiff, the material on the slope appears embedded below the surface the property, now easily visible after the 2019 slip, which raises questions as to whether Defendants knew or reasonably should have known of the defect prior to the slip. In contrast, and after review of testimony and photographs of the property, a large amount of plastic and other garbage on Defendants' property is recognizable to the naked eye. Such evidence brings into question whether Defendants knew or should have known of the artificial materials and failed to correct it within a reasonable amount of time.

Because a reasonable juror could conclude that (1) the slope failure was caused by something other than an artificial hazardous condition on Defendants' property, and (2) Defendants did not know or should not have known of an artificial hazardous condition, Plaintiff fails to show that it is entitled to summary judgment as a matter of law on its negligence claim. The remaining questions

Metro v. Duff et. al                                    1:20cv206

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]

are for a jury to decide, and Plaintiff's Motion is **DENIED**. ECF No. 45.

**3. Defendants do not have a legal duty to remediate the hillside at this juncture.**

If it is determined that the landslide occurred due to a natural condition, "neither a possessor of land, nor a vendor, lessor, or other transferor, is liable for physical harm caused to others outside of the land by a natural condition of the land." Miller v. Montgomery Investments, Inc., 387 S.E.2d 296, 300 n.1 (W. Va. 1989) (quoting Restatement (Second) of Torts § 363 (1965)). Because the Court finds there remains a genuine issue of material fact as to whether a natural condition or an artificial condition of the land caused the slip, the Court cannot find Defendants are duty-bound to remediate the alleged damage to Plaintiff's land.

**b. Plaintiff has failed to prove permanent remediation damages; therefore, Plaintiff's motion for summary judgment as to permanent remediation damages must be denied.**

Plaintiff seeks compensatory damages and injunctive relief in its Complaint. Compl. at ¶¶ 16-19. "The general rule with regard to proof of damages is that such proof cannot be sustained by mere speculation or conjecture." Syl. Pt. 1, Spencer v. Steinbrecher, 152 W. Va. 490 (1968). "Actual damages . . . must be proved." Rodgers v. Bailey, 69 S.E. 698, 699 (W. Va. 1910). In civil actions seeking damages, "the evidence must afford data,

Metro v. Duff et. al                                      1:20cv206

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]

facts and circumstances, reasonably certain, from which the jury may find compensation for the loss suffered by reason of the injury proved." Id. (internal quotations omitted).

Defendants argue Plaintiff has failed to offer evidence that the property will fail after the 2019 slip. However, since the filing of Defendants' renewed motion for summary judgment, the hillside and slope allegedly failed again and the City of Morgantown allegedly threatened to condemn its property should the hillside slip again.  ECF No. 48 at ¶¶ 9 and 11. A geotechnical analysis is required to determine the cause of the slip and the repairs for remediation of the hillside.  Prelim. Inj. Tr., ECF No. 61, at 12:16-13:4; see generally ECF No. 114. Because the Court has excluded Plaintiff's experts, who prepared reports on remediation [ECF Nos. 98-5, 48-1, 59-1], Plaintiff cannot present evidence to support its claim for remediation damages. Plaintiff has not provided any reliable expert evidence on causation to link its claim for remediation to its theory of liability, therefore, Plaintiff's claim for remediation must be dismissed. Plaintiff has not performed the requisite analysis to determine an amount of remedial damages that goes beyond "mere speculation or conjecture." Syl. Pt. 1, Spencer, 152 W. Va. 490 (1968). There is nothing in the record that would present a genuine issue of material fact to the jury on the question of remedial damages;

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]**

therefore, Plaintiff's Motion for Summary Judgment [ECF No. 45] is **DENIED** on this ground. Plaintiff's Motion for Summary Judgment [ECF No. 45] is also **DENIED** as to past remediation damages because a question of material fact exists as to that damages claim.

**c. Plaintiff has shown sufficient evidence establishing the existence of its trespass claim, but a genuine issue of material fact exists, requiring resolution by the jury. Therefore, Plaintiff's motion for summary judgment is denied as to the trespass claim.**

"Under West Virginia law, to constitute a trespass, the defendant's conduct must result in an actual, nonconsensual invasion of the plaintiff's property, which interferes with the plaintiff's possession and use of that property." Rhodes v. E.I. du Pont de Nemours & Co., 636 F.3d 88, 96 (4th Cir. 2011); see also Hark v. Mountain Fork Lumber Co., 34 S.E.2d 348, 352 (W. Va. 1945) (defining trespass "as an entry on another man's ground without lawful authority, and doing some damage, however inconsiderable, to his real property."). A plaintiff is precluded from recovering under a trespass cause of action if she consents to an alleged trespass. Perrine v. E.I. du Pont de Nemours & Co., 694 S.E.2d 815, 846 (W. Va. 2010).

Here, it is undisputed that Defendants' property slipped onto Plaintiff's property. Plaintiff has submitted evidence on the essential elements for its trespass claim and an alleged

Metro v. Duff et. al                                    1:20cv206

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]**

unauthorized intentional intrusion onto its land resulting in damages. However, there remains a genuine dispute of material fact as to whether the alleged slope failure was caused by an artificial hazardous condition, intense rainfall, or Plaintiff's grading work. Therefore, the Court denies Plaintiff's motion for summary judgment [ECF No. 45] on this ground because there remains a genuine dispute as to material fact on the trespass claim. For the same reasons that Plaintiff's motion on the negligence claim is denied, Plaintiff's motion as to the trespass claim too is denied.

**d. The Court denied Plaintiff's Motion to Strike Defendants' Expert; therefore, Plaintiff's motion for summary judgment on the same grounds fail.**

Finally, Plaintiff moves for summary judgment on the basis that Defendants' expert witness is unreliable and unqualified. On December 30, 2021, Plaintiff filed Motion to Strike Defendants' Expert Douglas M. Clark, P.E., and asserted that Clark was unreliable as an expert witness and based his opinions on unreliable methods of testing. ECF No. 35. Plaintiff brings the same argument here. On February 1, 2022, the magistrate judge recommended Plaintiff's motion to strike be denied. ECF No. 51. On March 8, 2022, upon receiving no objections from the parties as to the recommendations, the Court adopted the report and recommendation, and denied Plaintiff's motion to strike. ECF No.

Metro v. Duff et. al                                          1:20cv206

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT [ECF NO. 45]**

89. Therefore, Plaintiff's motion for summary judgment as to Defendants' expert is **DENIED**. ECF No. 45.

    **V.**   <u>**CONCLUSION**</u>

    For these reasons, the Court **DENIES** Plaintiff's Motion for Summary Judgment. ECF No. 45.

    It is so **ORDERED**.

    The Court **DIRECTS** the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record.

    **DATED**: June 6, 2022

<br>

                                       _____
                                       THOMAS S. KLEEH, CHIEF JUDGE
                                       NORTHERN DISTRICT OF WEST VIRGINIA